## Board of Drainage Commissioners of McCracken County et al. v. City National Bank of Paducah, Kentucky.

(Decided November 26, 1929.)

EATON & BOYD for appellant.

WHEELER & HUGHES for appellee.

Opinion of the Court by Hobson, Commissioner—
Affirming in part and reversing in part.

The board of drainage commissioners of McCracken
county for Mayfield creek drainage district No. 1 for
many years past has kept on deposit in the City National
Bank of Paducah all the moneys collected by it for the
drainage district from taxes paid by the property owners
in the drainage district. On the 30th day of June, 1928,
the amount of these taxes on hand was $17,886.78. The
bank held a note of the drainage district for $6,630.38, and
also a warrant issued by it for $1,908.63, on both of which
interest had accrued. The bank charged these debts to the
account, leaving a balance of $8,883.99. Thereupon the
board of drainage commissioners brought this suit
against the bank, complaining that this charge had been
made.

The debts held by the bank arose in this way: In the
year 1924 the board needed money to pay for work be-
fore the taxes were collected. The bank furnished the
money, and the warrant was issued to the bank, bearing
interest at 6 per cent. This ran along until 1926, when
some of the bonds were due and interest on other bonds
had to be met. The district did not have the money on
hand, and the bank furnished the money to pay these ob-
ligations, and the district executed to it the note referred
to. Thus things ran along until that board went out of
office. A new board came in, and it wished to withdraw
from the bank the entire amount in cash, as shown on the
deposit account. The bank offered to pay the balance,
less the debts due it, for which it claimed a banker's lien.
On final hearing the circuit court adjudged the bank, in
substance, the right to hold the amount of its note, but

declined to allow it to hold the amount of its warrant. From this judgment the board appeals, and the bank prosecutes a cross-appeal.

Under the statute the board is a body corporate, with like powers, duties, and responsibilities within its district as the county board of drainage commissioners. See Ky. Stats., sec. 2380-21 (Acts 1912, p. 505, sec. 21). And by the same statute the county board is created a body corporate, "with the right to . . . sue and be sued, contract and be contracted with, and shall possess such other powers and rights as usually pertain to corporations." Ky. Stats., sec. 2380-7. See, also, Acts 1912, p. 491, sec. 7. Under the broad powers thus conferred on the board, it had power to borrow money from the bank to carry on its work in anticipation of the revenue until the taxes came in. The warrant therefore issued to the bank for this money so advanced was valid. In like manner, when some bonds were due and some coupons were past due, and money was needed to maintain the credit of the district, the board had authority to borrow the money from the bank and give a note therefor. In thus dealing with the bank the board, under the broad powers conferred upon it by the statute, stood, so far as the bank was concerned, just as any other corporation having the usual corporate powers. The board after this collected the taxes and deposited the money in the bank; the bank had a banker's lien upon the money so deposited for the amount of its debts, which were past due, and the board was without authority to demand anything from the bank, except the balance due it.

Appellant insists that only the taxes for the year 1924 could properly be used for the payment of the warrant, and only the taxes for the years before 1926 could properly be used for the payment of the note. But the bank was not required to learn where the money came from. It did not hold the money as trustee for the taxpayers; the board may make an additional assessment, if necessary to meet its obligations, but there is nothing in the statute putting the board in a different class from other corporations that deposit money in a bank. Plainly here both parties did business on the idea that the bank had a lien, for no security was demanded. The rule on the subject is thus well stated in 7 C. J., p. 653, sec. 351:

"As a general rule a bank may look to deposits in its hands for the repayment of any indebtedness

to it on the part of the depositor and may apply the debtor's deposits on his debts to the bank as they become due. While the universal recognition of this rule has led the courts, on a few occasions, to make a general statement to the effect that a bank has a lien on deposits, the more accurate view appears to be that this right of a bank is not really in the nature of a lien, but is rather a right of set-off or application of payment."

On the original appeal the judgment is affirmed, but on the cross-appeal the judgment as to the warrant is reversed, and the cause is remanded for a judgment as above indicated.