# Citizens' Bank of Morehead v. Rowan County Board of Education.

(Decided October 11, 1932.)

LESTER HOGGE and HOWARD VAN ANTWERP, Jr., for appellant.

W. C. HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

This is an appeal from a judgment for $3,785.29 in favor of the Rowan County Board of Education, and directing appellant to pay that sum to the present treasurer of the board.

The facts are these: The Citizens' Bank of Morehead is a banking corporation with headquarters at Morehead, in Rowan county. The county board of education is a body corporate with power to sue and be sued, and general control of the county school property and county school funds. But the statute provides that ''no school funds shall be appropriated out of the treasury of the school board except when so ordered by majority of the county school board, and all orders appropriating money from the treasury of the county school board shall be of record signed by the chairman and secretary.'' Section 4399a-5, Kentucky Statutes. During the 1930-31 school year, the Citizens' Bank of Morehead was the designated and acting treasurer of the county board of education. On August 27, 1929, the county board of education borrowed of the bank the sum of $3,500, for which sum it executed a promissory note bearing interest at the rate of 6 per cent. The

note was renewed from time to time, and several payments of interest made thereon. On January 14, 1931, the last renewal note was due and unpaid. On that day the bank applied the school funds in its hands as treasurer to the payment of the note.

The question for decision is whether a bank holding county school funds as treasurer of the county board of education may apply the funds so held to a matured debt of the county board.

Appellant's position is this: The validity of the note was not assailed. The petition did not allege that it was not included in the budget for the year 1930-31. A bank may apply a deposit to a matured debt of a depositor. Farmers' National Bank v. Jones, 234 Ky. 591, 28 S. W. (2d) 787, 70 A. L. R. 335. Even though the deposit be of government or state funds, the relationship is that of debtor and creditor. Denny v. Thompson, 236 Ky. 714, 33 S. W. (2d) 670. The bank was not required to learn where the deposit came from, nor was it held as trustee for the taxpayer. Board of Drainage Commissioners of McCracken County v. City National Bank of Paducah, Ky., 231 Ky. 670, 22 S. W. (2d) 94. A deposit of public funds can be applied by a bank to the payment of a matured public obligation held by the bank. Hemphill v. Florida Nat. Bank of Jacksonville (C. C. A.) 30 F. (2d) 892; Board of Drainage Commissioners of McCracken County v. City National Bank of Paducah, supra.

In Hemphill v. Florida Nat. Bank of Jacksonville, supra, the drainage district borrowed from the bank $13,750, to be used with other funds on hand to make up the amount required to pay the interest maturing July 1, 1923, on bonds issued by the district; the money so lent to be repaid from incoming taxes which had been levied by the district, but had not been collected. It was held that, as against the bondholders, the bank had the right to apply on the indebtedness the deposit to the credit of the district representing money derived from taxes levied for payment of district's obligation. In Board of Drainage Commissioners of McCracken County v. City National Bank of Paducah, supra, the court held that the board had the power to borrow money to carry on its work, and to pay past-due bonds and coupons, with right to issue warrant or execute note therefor, and that a bank which had loaned money

to the board, and purchased a warrant issued by the board to carry on the work until the taxes came in, had the right to apply on the past-due indebtedness a deposit to the credit of the board after the taxes had been collected. In that case, however, the bank was a mere depository, and bore no other relation to the board of drainage commissioners. In the case under consideration, the relation between the bank and the county board of education was not that of mere creditor and debtor. The bank was county treasurer and ex officio treasurer of the county board of education. As such treasurer the bank and its sureties were responsible for all funds of the county board of education coming into its hands (section 4399a-3, Kentucky Statutes), and had authority to pay out such funds only on appropriations ordered by a majority of the board, and on orders of record signed by the chairman and secretary of the board (sections 4399a-3 and 4399a-5, Kentucky Statutes). Clearly, without an appropriation by the board, and an order of record signed by the chairman and secretary of the board, the bank was without authority to pay itself the debt due it by the board, and therefore could not apply on such debt any deposit to the credit of the board. As the bank had no right to retain the money, the court did not err in adjudging a recovery by the board.

Judgment affirmed.